UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARITA FERNANDEZ,

        Plaintiff,

v.

CASE NO.:

NEW YORK HEALTH CARE, INC.,
a New York for Profit Corporation,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARGARITA FERNANDEZ ("Plaintiff"), files this Complaint against Defendant, NEW YORK HEALTH CARE, INC. ("NYHC" or "Defendant") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that she is: (i) entitled to unpaid wages from Defendant for overtime work for which she did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff further complains, that she is entitled to back wages from Defendant for overtime work for which she did not receive overtime premium pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations.

3. New York Labor Law ("NYLL") Article 5, §§ 160 *et seq*., Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*. require employers to provide employees proper break times and pay

employees wages for all hours worked. NYLL Article 6, § 195(3) requires employers to provide wage statements with accurate information, including the number of hours worked in a work week.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

6. At all times material hereto, Plaintiff was a resident of New York County, New York.

7. At all times material hereto, Plaintiff was a non-exempt employee and performed related activities for Defendant in New York County, New York.

8. At all times material hereto NYHC, was and continues to be a New York Corporation, with its Principle Executive Office located at 1850 McDonald Avenue, Brooklyn, New York.

9. At all times material hereto NYHC, was and continues to be an accredited licensed home care agency.

10. Among its home care services, NYHC provides aid for elderly patients in their homes.

## COVERAGE

11. At all times material hereto Plaintiff was employed by Defendant within the meaning of the FLSA and NYLL.

12. Plaintiff was hired by Defendant as Home Health Aid for elderly patients and performed her duties in the state of New York.

13. Throughout her employment, Plaintiff reported to Defendant in her capacity as a Home Health Aid for elderly patients.

14. Throughout her employment, Defendant supervised Plaintiff, assigned Plaintiff her work duties, and determined the manner and method by which she was to perform her duties.

15. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA and NYLL.

16. Defendant was, and continues to be, an "employer" within the meaning of the FLSA and NYLL.

17. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA and NYLL.

18. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved or produced for commerce by any person" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of NYHC was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including wheelchairs, hospital beds, walkers, and other in-home health care related goods necessary for the work she performed.

## STATEMENT OF FACTS

21. NYHC is an accredited licensed home care agency.

22. Plaintiff was employed by Defendant as a non-exempt Home Health Aid for

3

elderly patients at all times relevant hereto.

23. Plaintiff worked in this capacity from approximately October 2013, to January 21, 2018.

24. Throughout her employment, Plaintiff was paid an hourly wage in exchange for work she performed.

25. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

26. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half her regular rate of pay for all hours worked over forty in a workweek.

27. While the Company appears to acknowledge that Ms. Fernandez is entitled to overtime pay, and paid her at an overtime rate for some overtime hours, Ms. Fernandez was not paid all of the overtime she was owed. This was due to a practice, which began in September 2017, of habitual non-payment of submitted hours, approximately three (3) hours per week. To the extent that in some weeks these deleted hours were not overtime hours, they nonetheless constitute unpaid wages under New York Labor Law.

28. Defendant has violated Title 29 U.S.C. §207 and the NYLL from September 2017, to January 21, 2018, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant; and

    b. No payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times hiss regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. From at least September 2017 and continuing until January 2018, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

32. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

33. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF NEW YORK LABOR LAW - UNPAID OVERTIME

36. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint as if fully set forth herein.

5

37. Defendant failed to pay Plaintiff overtime wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

38. Defendant failed to pay Plaintiff one-and-one-half times her regular rate of pay for all work in excess of forty hours per workweek.

39. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per workweek, Defendant has willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

40. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF NEW YORK LABOR LAW
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

41. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint as if fully set forth herein.

42. Defendant failed to supply Plaintiff with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

43. Specifically, Defendant failed to provide an accurate number of hours worked by Plaintiff because Defendant failed to accurately state list the time Plaintiff worked on her wage statements.

44. Through its knowing or intentional failure to provide Plaintiff with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

45. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is

entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a.  An award of unpaid wages, overtime compensation and other damages due under the FLSA and the New York Labor Law;

b.  An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216, and the New York Labor Law;

c.  An award of prejudgment and post judgment interest;

d.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: December 18, 2019                                Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-WORKERS;
Fax: 954-327-3013
E-Mail: afrisch@forthepeople.com
ANGELI MURTHY, ESQ.
*Pro Hac Vice forthcoming*
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*